UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MARTIN CENTENO,  )<br>  )<br>             Plaintiff,  )<br>     vs.  )<br>  )<br>MORTGAGE ELECTRONIC REGISTRATION  )<br>SYSTEMS, INC.; BANK OF AMERICA, N.A.;  )<br>MTC FINANCIAL, INC., *d/b/a* TRUSTEE  )<br>CORPS; NEVADA LEGAL NEWS; et al.,  )<br>  )<br>             Defendants.  )<br>_____ ) | Case No.: 2:11-cv-02105-GMN-RJJ<br><br>**ORDER** |

This action, filed by *pro se* Plaintiff Martin Centeno, arises out of foreclosure proceedings initiated against the property located at 5966 Spanish Mustang Ct., Las Vegas, NV 89122, APN #: 161-15-410-057 ("the property"). Before the Court are the Motion to Dismiss (ECF No. 8) filed by Defendant MTC Financial, Inc. ("MTC Financial"), and the Motion to Dismiss and to Expunge Lis Pendens (ECF No. 36) filed by Defendant Bank of America, N.A. ("Bank of America"). Plaintiff's Motions for Consolidation (ECF No. 35), Temporary Restraining Order (ECF No. 39), and Preliminary Injunction (ECF No. 40) are also pending.

**I.     BACKGROUND**

The February 2008 Deed of Trust on the property indicates that the Lender was Bank of America, the Trustee was PRLAP, Inc., and the Borrowers were Lateef Durosinmi and Ramya Durosinmi. (Ex. A to RJN, ECF No. 8-2.) On April 22, 2010, Bank of America, as Beneficiary, signed a Substitution of Trustee naming MTC Financial as trustee in place of the original trustee, PRLAP, Inc. (Ex. C to RJN, ECF No. 8-4.) The next day, on April 23, 2010, MTC Financial (dba "Trustee Corps") recorded a Notice of Default as trustee and agent for Bank of America, as beneficiary. (Ex. B to RJN, ECF No. 8-3.) In July 2011, a Certificate of Mediation

was issued by the State of Nevada Foreclosure Mediation Program stating that the property was a "Non-Applicable Property" and that the "Beneficiary may proceed with the foreclosure process." (Ex. D. to RJN, ECF No. 8-5.) In November 2011, MTC Financial issued the Notice of Trustee's Sale, and recorded it on December 1, 2011, setting a sale date of December 27, 2011. (Ex. E to RJN, ECF No. 8-6.) The Trustee's Deed Upon Sale was issued the next day, on December 28, 2011, and recorded January 3, 2012. (Ex. F to RJN, ECF No. 8-7.)

On December 23, 2011, Plaintiff filed the instant action and a Notice of Lis Pendens on the property, claiming to be "a co-owner beneficiary of the property subject of this case having acquired the same in a HOA Trustee Sale on or about June 7, 2011." (Compl., 4:¶13; Notice of Lis Pendens, ECF No. 1-2.) Attached to his Complaint, Plaintiff submits MTC Financial's November 2011 Notice of Trustee's Sale, and a Trustee's Deed Upon Sale recorded June 8, 2011 ("HOA Trustee's Deed Upon Sale"). (ECF No. 1-1.)

The HOA Trustee's Deed Upon Sale submitted by Plaintiff refers to an August 2010 Notice of Delinquent Assessment Lien and an October 2010 Notice of Default in which Absolute Collection Services, LLC, was named as trustee. (*Id*.) The amount of the unpaid debt is listed as $5,150.00. (*Id*.) The document purports to transfer all of Absolute Collection Services, LLC's "right, title and interest" in the property to Mustang Family Trust, "pursuant to the powers granted to Estates at Stallion Mountain HOA." (*Id*.)

Plaintiff's Complaint alleges the following causes of action: (1) Defendants are not real-parties-in-interest and they have no legal standing in court; (2) The Defendants' lien, if any, has been cancelled or wiped out by the HOA trustee sale in favor of Plaintiff; (3) Quieting of title of Plaintiff; (4) Defendants have violated the unfair lending practice law; and (5) Issuance of temporary restraining order and/or injunction. (Compl., ECF No. 1-1.) Plaintiff voluntarily dismissed Defendant Mortgage Electronic Registration Systems, Inc. (ECF No. 28.) Defendant Nevada Legal News, LLC, was dismissed by the Court for Plaintiff's failure to effect timely

service. (ECF No. 34.)

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. *See North Star Int'l. v. Arizona Corp. Comm'n.*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the Court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).

The Court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is *plausible*, not just possible. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 555) (emphasis added).

A court may also dismiss a complaint pursuant to Federal Rule of Civil Procedure 41(b) for failure to comply with Federal Rule of Civil Procedure 8(a). *Hearns v. San Bernardino Police Dept.*, 530 F.3d 1124, 1129 (9th Cir.2008). Rule 8(a)(2) requires that a plaintiff's complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Prolix, confusing complaints" should be dismissed because "they impose unfair burdens on litigants and judges." *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir.1996). Mindful of the fact that the Supreme Court has "instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants," *Eldridge v. Block*, 832 F.2d 1132,

1137 (9th Cir. 1987), the Court will view Plaintiff's pleadings with the appropriate degree of leniency.

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion . . . . However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citations omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

If the court grants a motion to dismiss, it must then decide whether to grant leave to amend. The court should "freely give" leave to amend when there is no "undue delay, bad faith[,] dilatory motive on the part of the movant . . . undue prejudice to the opposing party by virtue of . . . the amendment, [or] futility of the amendment . . . ." Fed. R. Civ. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962). Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

## III.  **DISCUSSION**

As an initial matter, Plaintiff's standing to bring suit is unclear, since the Durosinmis were the borrowers on the Deed of Trust, and the HOA Trustee's Deed Upon Sale names

/ / /

Mustang Family Trust as the purchaser.[1]  Plaintiff's Response to MTC Financial's motion includes a document dated June 10, 2011, and styled as "Appointment of Co-Trustee" in which Plaintiff is purportedly appointed co-trustee of the Mustang Family Trust by "the current beneficiaries," who are un-named. (Ex. 1 to Pl.'s Resp., ECF No. 11.)  The signature of the purported authorizing beneficiary is illegible, the document is not notarized, and Plaintiff does not allege that the document was publicly recorded. (*Id.*)  However, as discussed below, even if Plaintiff is authorized to represent the Mustang Family Trust as trustee, the Court finds that his claims fail to meet the required pleading standard, and the Complaint will be dismissed.

In his first cause of action, styled as "Defendants are not real-parties-in-interest and they have no legal standing in court," Plaintiff alleges that Defendants colluded and conspired with each other to foreclose or sell the property at the trustee sale. (Compl., 3:¶8.)  Plaintiff alleges that "Defendants have no legal standing or power to do so because they have not shown that they are in possession of the pertinent Promissory Note and/or Deed of Trust and the various transfers thereof to prove that they are the present owners or beneficiaries who have the right to conduct said foreclosure." (Compl., 3:¶8.)  The publicly recorded documents submitted by Defendants establish that Defendants conducted foreclosure proceedings in accordance with Nevada statutes, and Plaintiff states no valid claim that Defendants were required to produce a promissory note or deed of trust in order to foreclose.  Accordingly, Plaintiff's claim for collusion and conspiracy against Defendants must fail, and will be dismissed.

In his second cause of action, styled as "the Defendants' lien, if any, has been cancelled or wiped out by the HOA trustee sale favor of Plaintiff," Plaintiff cites NRS 116.3116 and NRS 116.31166 and alleges that Defendants have no right to foreclose on the property because an "HOA Trustee Sale" occurred "in favor of plaintiff," which "has cancelled or wiped out other

---

[1] In another case filed by Plaintiff, a virtually identical complaint also refers to Mustang Family Trust, but with a different property and different borrowers on the Deed of Trust. *See Centeno v. Mortgage Electronic Registration System*, No. 2:12-cv-00056-KJD-RJJ (D. Nev. 2012).

junior liens, including the lien, if any, of the defendants over the subject property." (Compl., 5:¶15.) This statute provides that liens against HOA units for assessments are prior to all other liens and encumbrances on a unit except those recorded before the recordation of the declaration [creating the common-interest community]. NRS 116.3116(2), 116.037. However, Plaintiff does not submit a copy of the assessment lien on which the HOA Trustee's Deed Upon Sale is based, and does not allege that it chronologically precedes the 2008 Deed of Trust. Without such an allegation, Plaintiff cannot state a valid claim based upon this statute. To the extent that Plaintiff is alleging a cause of action based on NRS 116.31166, his cause of action fails as well. This statute provides that the "sale of a unit pursuant to NRS 116. 31162, 116.31163, and 116.31164 vests in the purchaser the title of the unit's owner without equity or right of redemption." NRS 116.31166. Plaintiff does not allege that the property was sold pursuant to these statutes, and the Court finds no basis on which to make such an inference. Accordingly, this cause of action must be dismissed.

In his third cause of action, styled as "quieting of title of Plaintiff," Plaintiff alleges that he "has acquired subject property free from any right or equity of redemption in a public Trustee Sale as evidenced by the Trustee's Deed Upon Sale," and that therefore "the title of subject property must be quieted in the name of plaintiff and/or MUSTANG FAMILY TRUST." (Compl., 5:¶19.) As discussed above, Plaintiff's reliance upon the HOA Trustee's Deed Upon Sale appears to be invalid. Accordingly, this cause of action must be dismissed.

In his fourth cause of action, styled as "Defendants have violated the unfair lending practice law," Plaintiff alleges that "Defendants have violated the Unfair Lending Practice Law because they did not make a study if the owner-borrower can afford to pay the monthly amortization in 30 years considering that the owner-borrowers will be retired in the near future and will have no means to pay amortization." (Compl., 5-6:¶21.) Plaintiff also alleges that "[Defendants] did not give an opportunity to make a loan modification by reducing the interest

and/or the principal in violation of their agreement with the Office of the Attorney General or other government entity considering that they have received bail out money for this purpose." (Compl., 6:¶21.) Finally, Plaintiff alleges that "[Defendants] also have not shown to be in possession of the pertinent Promissory Note and pertinent assignments of the subject loan as now required by the Supreme Court of Nevada." (Compl., 6:¶21.) As discussed above, Plaintiff has not alleged any law or statute requiring Defendants to produce the promissory note, and the publicly recorded documents submitted by the parties demonstrate Defendants' compliance with statutory foreclosure requirements. Also, since Plaintiff does not allege that he has standing to assert violations of lending practices laws on behalf of the borrowers, the Durosinmis, Plaintiff's cause of action for unfair lending practices fails as well.

Plaintiff's fifth cause of action, for "issuance of temporary restraining order and/or injunction," is a remedy, not a cause of action. (*See* Compl., 6:¶¶23-25.) Accordingly, it will be dismissed.

Because Plaintiff's standing to assert claims on behalf of Mustang Family Trust is unclear, and because the allegations contained in the Complaint do not appear to support a likelihood that the Complaint's deficiencies may be cured, the Court will not grant leave to amend.

## IV.  CONCLUSION

**IT IS HEREBY ORDERED** that Defendant MTC Financial, Inc.'s Motion to Dismiss (ECF No. 8) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant Bank of America, N.A.'s Motion to Dismiss and to Expunge Lis Pendens (ECF No. 36) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Consolidation (ECF No. 35), Emergency Ex Parte Motion for Temporary Restraining Order (ECF No. 39), and Motion for Preliminary Injunction (ECF No. 40) are **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's Complaint is **DISMISSED**. The Clerk shall enter judgment accordingly, and thereafter close the case.

**DATED** this 28th day of August, 2012.

_____
Gloria M. Navarro
United States District Judge