# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

MARTIN CENTENO,               )
                              )
              Plaintiff,      )      Case No.: 2:11-cv-02105-GMN-VCF
                              )
      vs.                     )
                              )              **ORDER**
MORTGAGE ELECTRONIC REGISTRATION )
SYSTEMS, INC.; BANK OF AMERICA, N.A.; )
MTC FINANCIAL, INC. *doing business as* )
TRUSTEE CORPS; and NEVADA LEGAL )
NEWS,                         )
                              )
              Defendants.     )
_____)

Pending before the Court is the Motion to Amend, Alter and/or Reconsider (ECF No. 45) filed by *pro se* Plaintiff Martin Centeno.  Also before the Court is the motion styled as "Request for Ruling on Motion to Reconsider" filed by Defendant Bank of America, N.A. ("Bank of America"). (ECF No. 50.)  Also before the Court is Plaintiff's Motion for Inhibition (ECF No. 53).

## I.    BACKGROUND

This action arose out of foreclosure proceedings initiated against the property located at 5966 Spanish Mustang Ct., Las Vegas, NV 89122, APN #: 161-15-410-057 ("the property"). On August 28, 2012, the Court considered and ruled upon the Motion to Dismiss (ECF No. 8) filed by Defendant MTC Financial, Inc. ("MTC Financial"), and the Motion to Dismiss and to Expunge Lis Pendens (ECF No. 36) filed by Defendant Bank of America, as well as Plaintiff's motions to Consolidate Cases (ECF No. 35), for Temporary Restraining Order (ECF No. 39) and for Preliminary Injunction (ECF No. 40). (Order, Aug. 28, 2012, ECF No. 41.)  The Court found that Plaintiff's standing to bring suit was unclear, that his claims failed to meet the

required pleading standard even if he was authorized to represent the true beneficiary; and therefore the action was dismissed with prejudice. (*Id.*)  Final judgment was entered on August 28, 2012, pursuant to the Court's Order (ECF No. 41) dismissing Plaintiff's claims. (Clerk's Judgment, ECF No. 42.)  The instant motions before the Court were filed after the case was closed.

## II.   DISCUSSION

### A.   Motion to Reconsider

Plaintiff requests that the Court amend, alter and/or reconsider its August 28, 2012, Order pursuant to Rule 59 of the Federal Rules of Civil Procedure. (Mot. Reconsider, ECF No. 45.)

Federal Rule of Civil Procedure 59 governs motions for a new trial, as well as motions to alter or amend a judgment in certain cases where summary judgment has been granted. Fed. R. Civ. P. 59; *see School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993), *cert. denied*, 512 U.S. 1236 (1994).  Here, there has been no trial and no grant of summary judgment; however Rule 60 of the Federal Rules of Civil Procedure provides a standard by which the Court might reconsider its Order.  This rule, governing relief from a judgment or order, provides in part:

> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding.
> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>     (1) mistake, inadvertence, surprise, or excusable neglect;
>     (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>     (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>     (4) the judgment is void;
>     (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>     (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  The Ninth Circuit has distilled the grounds for reconsideration into three primary categories: (1) newly discovered evidence; (2) the need to correct clear error or prevent manifest injustice; and (3) an intervening change in controlling law. *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d at 1263.

Here, having considered Plaintiff's motion and related briefs, the Court finds no basis to reconsider its Order (ECF No. 41).

The Motion to Dismiss (ECF No. 8) filed by MTC Financial was fully briefed, and Plaintiff was fully heard on those arguments.  Plaintiff argues that the Court's dismissal of the action was premature because the second Motion to Dismiss (ECF No. 36) filed by Bank of America was not fully briefed.  However, the Court finds no basis to reconsider its Order on these grounds.  The Court's review of Plaintiff's Opposition (ECF No. 44) yields no basis for a different outcome.  The Court has considered Plaintiff's argument that section 116.3116(2)(c) of Nevada Revised Statutes supports his claims, as discussed in its Order (ECF No. 41).  The Court finds that this argument is unavailing, and inapplicable to the dispositive facts presented in this action and described by the Court in its Order (ECF No. 41).  Plaintiff presents to legal authority or newly discovered evidence that justifies relief from the final judgment.  Accordingly, the motion will be denied.

## B.    Request for Ruling

Defendant Bank of America, through its legal counsel, Jeffrey S. Allison, Nevada Bar #8949, Charles Tony Piccuta, Nevada Bar #11854, and Daniel S. Ivie, Nevada Bar #10090, filed a motion styled as a "Request for Ruling on Motion to Reconsider Order Filed by Plaintiff Martin Centeno" (ECF No. 50).  In its one-paragraph motion, Defendant Bank of America stated that it "respectfully requests that the Court rule . . ." upon Plaintiff's motion (ECF No. 45), described the briefing history for the motion, and concluded with the sentence, "[a]s this matter is now fully briefed, Defendant respectfully request [sic] that the Court issues [sic] a ruling on

Plaintiff's Motion so that this last outstanding matter may be resolved." (ECF No. 50.)

With this language, the Court cannot construe this motion as requesting any relief other than a ruling on the motion, which was already necessarily requested by the parties in their briefing on the motion, including Defendant Bank of America's opposition (ECF No. 47) to Plaintiff's motion. In the motion, Defendant Bank of America presents no explanation for its request, and does not provide any basis for the necessity of such a request, such as a reason that the Court might not otherwise rule on the motion. The Court has considered and cannot find that Defendant requests or provides any basis for treatment of the motion as an emergency motion pursuant to Rule II.7-5 of the Local Rules of Civil Practice for the District of Nevada. Therefore, the Court finds that Defendant Bank of America's request for a ruling appears to be redundant and possibly frivolous[1], and in any case, rendered moot by this Order.

### C.   Motion for Inhibition

The Court construes Plaintiff's motion styled as a "Motion/Request for Inhibition" (ECF No. 53) as a request for recusal. Plaintiff provides no legal authority, but argues that the Court's Order (ECF No. 41) "brings a vestige, color, or at least a doubt, of prejudgment" and that "[t]o remove such vestige, color or doubt of prejudgment, and in the paramount interest of due process of law, fairness, and/or transparency, it is respectfully requested that the Honorable Judge inhibit herself from further trying or deciding this case." (ECF No. 53.)

As the United States Supreme Court has explained, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). Any claim of alleged bias and prejudice on the part of a judge must ordinarily "stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case." *U.S. v. Grinnell Corp.*, 384 U.S.

---

[1] The Court reminds counsel of their obligations under Rule 11(b)(1) of the Federal Rules of Civil Procedure, and the attendant consequences for violations of this rule. *See* Fed. R. Civ. P. 11.

563, 583 (1966).  Allegations of bias warranting recusal of a judge must contain specific facts to support this position. *U.S. v. Hernandez*, 109 F.3d 1450, 1453-54 (9th Cir. 1997).

Here, the Court finds that its ruling in the Order (ECF No. 41) discussed by Plaintiff does not indicate bias or prejudice stemming from an extrajudicial source, and that therefore Plaintiff's basis for his request of recusal does not satisfy the legal standard for granting such a motion.  Accordingly, the motion will be denied.

## III.   CONCLUSION

**IT IS HEREBY ORDERED** that the Motion to Amend, Alter and/or Reconsider (ECF No. 45) is **DENIED.**

**IT IS FURTHER ORDERED** that the "Request for Ruling on Motion to Reconsider" (ECF No. 50) is **DENIED**.

**IT IS FURTHER ORDERED** that the Motion for Inhibition (ECF No. 53) is **DENIED**.

**DATED** this 8th day of June, 2013.

_____
Gloria M. Navarro
United States District Judge